Petition for Writ of Mandamus Denied and Memorandum Opinion filed April 
9, 2008








 

Petition
for Writ of Mandamus Denied and Memorandum Opinion filed April  9, 2008.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-08-00104-CV

____________

 

IN RE MEDICAL CARBON RESEARCH INSTITUTE, L.L.C. and JACK
C. BOKROS, PH.D., Relators

 

 



 

ORIGINAL
PROCEEDING

WRIT OF MANDAMUS

 



 

M E M O R
A N D U M   O P I N I O N

On
February 13, 2008, relators Medical Carbon Research Institute, L.L.C. and Jack
C. Bokros, Ph.D. filed a petition for writ of mandamus in this court.  See Tex.
Gov=t Code Ann. ' 22.221 (Vernon 2004); see alsoTex.
R. App. P. 52.  In the petition, relators ask this court to compel the
Honorable Ben Hardin, presiding judge of the 23rd District Court of Brazoria
County, to vacate his February 20, 2007 order denying their motion to transfer
venue, and to hold that the exclusive and mandatory venue for the underlying
lawsuit is a state or federal court in Travis County, Texas.  We deny the
petition for writ of mandamus.








On April
26, 2005, real party in interest, Michael M. Phillips, filed suit against MCRI
and Bokros in Brazoria County for breach of contract and fraud in connection
with a 1994 Settlement Agreement through which Phillips acquired an equity
interest in MCRI.  On May 27, 2005, MCRI and Bokros filed a motion to transfer
venue, or alternatively, motion to dismiss for lack of jurisdiction, and an
answer subject to those motions.  Relying on a 2005 Amended Operating Agreement
governing MCRI=s activities, MCRI and Bokros filed a motion to transfer venue to Travis
County under the mandatory venue provision applicable to a Amajor transaction.@   See Tex. Civ. Prac. &
Rem. Code Ann. ' 15.020(a) (Vernon Supp. 2007).  On May 1, 2006, respondent
held a hearing on MCRI and Bokros= motion to transfer venue; on
February 20, 2007, respondent denied the motion. 

To
obtain mandamus relief the relator must show that the trial court clearly
abused its discretion, and that the relator has no adequate remedy by appeal.  In
re Sw. Bell Tele. Co., L.P., 226 S.W.3d 400, 403 (Tex. 2007) (orig.
proceeding).  The trial court abuses its discretion if it reaches a decision so
arbitrary and unreasonable as to constitute a clear and prejudicial error of
law.  Walker v. Packer, 827 S.W.2d 833, 839 (Tex. 1992) (orig.
proceeding).  Mandamus is the proper vehicle to enforce mandatory venue.  See
Tex. Civ. Prac. & Rem. Code ' 15.0642 (Vernon 2002). 

Phillips
asserts his claims are based on the 1994 Settlement Agreement; MCRI and Bokros
maintain that the key agreement here is the 2005 Amended Operating Agreement
containing a venue selection clause mandating that any claims be litigated in a
state or federal court in Travis County.[1] 
The 1994 Settlement Agreement contains no venue provision.  








Under
section 15.020(b), AAn action arising from a major transaction shall be brought
in a county if the party against whom the action is brought has agreed in
writing that a suit arising from the transaction may be brought in that county.@  Tex. Civ. Prac. & Rem. Code
Ann. ' 15.020(b) (Vernon Supp. 2007).  A Amajor transaction@ is defined as Aa transaction evidenced by a written
agreement under which a person pays or receives, or is obligated to pay or
entitled to receive, consideration with an aggregate stated value equal to or
greater than $1 million.@  Id. ' 15.020(a). 

It is
undisputed that the proposed 2005 Amended Operating Agreement was submitted to
MCRI=s members on April 7, 2005.  Voting
on the proposed amendments occurred between April 29, 2005 and May 13, 2005. 
On May 17, 2005, Clyde Baker, President of MCRI, executed the 2005 Amended
Operating AgreementCsome three weeks after Phillips filed the underlying lawsuit
on April 26, 2005.  The 2005 Amended Operating Agreement provides that it is
effective as of January 1, 2005.  

Assuming
without deciding that this suit arises from a Amajor transaction@ under section 15.020, and that the
2005 Amended Operating Agreement is germane to Phillips= claims, we conclude that the trial
court did not commit a clear and prejudicial error of law in denying a motion
to transfer venue predicated on section 15.020(b).  It would be erroneous to
conclude that venue of a suit was fixed by agreement under section 15.020(b)
when the claimed agreement was not executed until weeks after suit was filed. 
The choice of a retroactive effective date does not change this conclusion;
there was no binding and effective agreement to fix venue in Travis County on
April 26, 2005, and for some weeks thereafter.  At most, there was a proposed
agreement.  We reject MCRI and Bokros= contention that section 15.020(b)
properly can be invoked under these circumstances.  Therefore, we conclude that
respondent did not abuse his discretion by denying MCRI and Bokros= motion to transfer venue to Travis County. 









MCRI and
Bokros have not established their entitlement to the extraordinary relief of a
writ of mandamus.  Accordingly, we deny MCRI and Bokros= petition for writ of mandamus.  

 

PER CURIAM

 

Petition Denied and Memorandum
Opinion filed April 9, 2008.

Panel consists of Chief Justice
Hedges and Justices Anderson and Boyce.









            [1]  MCRI and Bokros
previously filed a petition for writ of mandamus related to the same underlying
case.  See In re Med. Carbon Research Inst., L.L.C., No. 14-07-00935,
2008 WL 220366 (Tex. App.CHouston [14th Dist.] Jan. 29, 2008, orig. proceeding)
(mem. op.).  In that proceeding, MCRI and Bokros characterized the provision at
issue as a forum selection clause, and sought to compel respondent to dismiss
Phillips= suit for lack of jurisdiction pursuant to a forum
selection clause to permit Phillips to refile in Travis County.  Id. at
*1.  We held the provision to be a venue selection clause and denied MCRI and
Bokros= petition.  Id. at *1B2.